UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HAROLD JOE BLACK** | **CIVIL ACTION** |
| **VERSUS** | |
| | **18-686-JWD-RLB** |
| **SUSAN GRIFFIN, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 18, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**HAROLD JOE BLACK**                                            **CIVIL ACTION**

**VERSUS**

                                                                **18-686-JWD-RLB**

**SUSAN GRIFFIN, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court has granted Plaintiff's Motions for Leave to Proceed in Forma Pauperis. (R. Doc. 5). As Plaintiff is now proceeding in forma pauperis ("IFP"), the undersigned has performed a review, pursuant to 28 U.S.C. § 1915(e), to determine whether the complaint should be dismissed as frivolous or malicious, or whether it fails to state a claim on which relief may be granted.

Furthermore, Defendant Susan Griffin has filed a motion to dismiss. (R. Doc. 16). The motion is opposed. (R. Docs. 20, 21).

**I.      Nature of the Plaintiff's Allegations**

On July 12, 2018, Harold Joe Black ("Plaintiff") commenced this civil rights action, which seeks relief under 28 U.S.C. § 1983, as a *pro se* plaintiff. (R. Doc. 1). Plaintiff " was previously convicted of distribution of cocaine by a Louisiana state court and was sentenced to 15 years imprisonment. His conviction and sentence were affirmed on direct appeal, and his various attempts to obtain postconviction relief were denied by federal and state courts." *Black v. Griffin*, 638 F. App'x 371, 372 (5th Cir. 2016); *see Black v. Hornsby*, No. 14-0822, 2014 WL 2535168, at *1 (W.D. La. May 15, 2014) (detailing Plaintiff's conviction and collateral attacks on his conviction), *subsequently aff'd sub nom. Black v. Hathaway*, 616 F. App'x 650 (5th Cir. 2015). Plaintiff alleges that he was released from prison on May 30, 2013. (R. Doc. 1 at 2).

1

Plaintiff seeks the following relief in the instant action: "(a) Compensated for Defendants deprivation, equal protection both state's color of law La. C. Cr. P. art 881 and art 900; (b) compensated denial good time release; compensated for held under HFC penalty until May 29, 2013 illegally; (c) compensated Deprived Educational 270 days of early release; (d) compensated for being deprived, right to voter." (R. Doc. 1 at 8).

While Plaintiff's allegations are difficult to decipher, the claims against the defendants are limited to Plaintiff's arrest, sentence, and incarceration. The referenced Louisiana Code of Criminal Procedure articles respectively concern credit for prior custody toward a sentence and the hearing procedures for an arrest for violation of probation. *See* La. C. Cr. P. arts 881, 900. Plaintiff also appears to be seeking relief with respect to the validity of his sentence with respect to his "habitual offender" status as well as denial of early release from prison. Finally, Plaintiff appears to seek compensation with respect to the deprivation of his right to vote at the time he was released from prison.

**II.   Law and Analysis**

District courts must construe IFP complaints filed by *pro se* plaintiffs liberally. Nonetheless, even the most liberally construed IFP complaint can be dismissed at any time, regardless of service or the filing of an answer, if the court determines the case:

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Dismissal under § 1915(e) may be made before service of process. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

An IFP complaint is properly dismissed as frivolous if the plaintiff's claims lack an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33; *Neitzke*, 490 U.S. at 327; *see also Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992) ("A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible"). Pleaded facts which are merely improbable or strange are not frivolous. *Denton*, 504 U.S. at 33; *Ancar*, 964 F.2d at 468.

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003). When reviewing a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Nonetheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust*

3

*Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs generally given one chance to amend before dismissal unless "it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson v Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). In other words, "the same standard of legal sufficiency as applies under Rule 12(b)(6)," and by extension § 1915(a)(2)(B)(ii), applies to futility. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3D 863, 873 (5th Cir. 2000).

With respect to claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492. *See* La. Civ. Code Art. 3456.

Although the applicable limitations period is determined pursuant to state law, the accrual of a cause of action is resolved by federal law. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Jensen v. Snellings*, 841 F.2d 600, 606 (5th Cir. 1988). "'[T]he limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof.'" *Newman v. Coffin*, 464 Fed. App'x 359, 362 (quoting *Jensen*, 841 F.2d at 606); *see also Frame v. City of Arlington,* 657 F.3d 215, 238 ("[T]he rule is that accrual occurs when a plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief. In other words, accrual occurs the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.") (footnotes and internal quotation marks omitted). "The requisite knowledge that a plaintiff must have to begin the running of the limitations period is merely that of the facts forming the basis of his cause of action, . . . not that of the existence of

4

the cause of action itself." *Jensen,* 841 F.2d at 606 (internal quotation marks omitted) (alteration in original).

Plaintiff filed the instant action on July 12, 2018, more than five years after his release from prison on May 30, 2013. As discussed above, Plaintiff's claims against the defendants are limited to Plaintiff's arrest, sentence, and incarceration. Plaintiff's claims accrued no later than the date he was released from prison and, accordingly, the claims raised in the instant action are all prescribed. *See Black*, 638 F. App'x at 372 (finding frivolous all claims made by the plaintiff Harold Joe Black regarding "his arrest, trial, and incarceration" because his claims accrued on May 30, 2013, the date he was released from prison, and were "clearly barred by the statute of limitations.").

Plaintiff makes oblique references in the Complaint to some of his other attempts at obtaining postconviction relief to suggest that those filings interrupted the prescriptive period for the instant action. (R. Doc. 1 at 7-8). "Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences an action against the obligor, in a court of competent jurisdiction and venue." La. C.C. art. 3462. Plaintiff references a prior civil rights action filed in this court filed on November 29, 2016. *See Black v. Louisiana Department of Correction*, No. 16-799 (M.D. La.). That action cannot serve to interrupt prescription with respect to the instant action because prescriptive period in the instant action ran prior to the commencement of the prior action. Plaintiff also references a prior civil rights action filed in the Western District of Louisiana filed on December 3, 2014. *See Black v. Griffin*, No. 14-3374 (W.D. La.). Again, the filing of that action cannot serve to interrupt prescription in this action. Indeed, Plaintiff's claims in that previous action were also prescribed. *See Black v. Griffin*, No. 14-3374, 2015 WL 158912, at *2 (W.D. La. Jan. 9, 2015), *aff'd*, 638 F. App'x 371 (5th Cir.

5

2016).  Having considered the record, the Court finds no basis for concluding that the prescriptive period for Plaintiff's claims in this action were "interrupted" by a previous filing or have otherwise not run.

Because Plaintiff's claims are "clearly barred as a matter of law," they lack an arguable basis in law and are "clearly frivolous." *Black*, 638 F. App'x at 372 (citing *Neitzke*, 490 U.S. at 325).  Allowing Plaintiff the opportunity to amend his pleadings would be futile.

### III.   Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's claims under 42 U.S.C. § 1983 against Defendants be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e).

**IT IS FURTHER RECOMMENDED** that Susan Griffin's Motion to Dismiss (R. Doc. 16) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against all defendants be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that all pending motions (R. Docs. 29, 30, 31, and 32) be **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on September 18, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**